**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stanley BALTRUNAS, Defendant-Appellant.**

**No. 204–69.**

United States Court of Appeals Tenth Circuit.

Oct. 10, 1969.

William D. Goodbar, Colorado Springs, Colo., for defendant-appellant.

Leonard Campbell, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Before PHILLIPS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This is a direct appeal by appellant Baltrunas from a jury conviction of a violation of 18 U.S.C. § 641, sale of government property.

Baltrunas presents three issues for review:

(1) The sufficiency of the evidence.

(2) Error in the instructions given the jury.

(3) Erroneously admitted evidence offered pursuant to the shop book rule under 28 U.S.C. § 1732 or § 1733.

Baltrunas is a civil servant employed as a locksmith at the Ft. Carson military installation near Colorado Springs, Colorado.

The facts disclose that a combination safe located in the pharmacy department of the hospital became inoperable because of a defect in the combination lock. Military procurement procedures were instituted late in 1967 which culminated in the purchase of a new combination lock from Henley, who operates a key service shop in Colorado Springs. The new lock was received by Henley on January 16, 1968 and was picked up on that date and ultimately, through channels, delivered to Baltrunas for installation at the pharmacy lab. The records indicate that the installation started on January

**402**

18, 1968, and on January 23, 1968, the job was inspected and accepted. The government paid Henley $120.00 for the lock on February 19, 1968, from appropriated government funds.

On September 21, 1968, Baltrunas, with his son, appeared at the Henley Key Shop in Colorado Springs and offered to sell two locks for $15.00. Henley, the proprietor, purchased the locks. He subsequently examined one lock and found an identifying mark made by him at the time he initially sold the lock to the government. The identification prompted him to conclude that he had repurchased the lock delivered to the government on January 16, 1968. He notified the military procurement personnel and later delivered the lock to the F.B.I.

An investigation disclosed that the lock on the safe in the pharmacy had not been replaced, but instead had been repaired. The records disclosed Baltrunas had received the lock for replacement on January 18, 1968.

Baltrunas was arrested and an information was filed charging him with selling without authority a combination safe lock, property of the United States of a value in excess of $100.00.

At the trial Baltrunas admitted receiving the lock and repairing the safe in the pharmacy, however, he testified that he had disassembled the lock and used parts of it to repair three separate locks at the military installation including the pharmacy safe. He testified the locks sold to Henley were locks he brought from St. Louis some seven or eight years before which had been surplus in a private shop he operated there. His son corroborated the St. Louis story and admitted being with his father at the time of sale to Henley.

A jury convicted Baltrunas and found the value of the property to exceed $100.-00. The trial court sentenced Baltrunas but suspended the sentence and placed him on probation for two years.

■ A review of the evidence in the light most favorable to the government, Thomas v. United States, 409 F.2d 730 (10th Cir. 1969), convinces us there was sufficient evidence to present the facts to the jury for its determination.

■ One of the errors complained of in the instructions, to which timely objection was made, is that the instruction on the necessary elements of the crime did not contain the element of scienter or knowledge that the property had been stolen from the government. The record reveals that language indicating that the defendant must have known the property was stolen was deleted from the instruction given.

Title 18 U.S.C. § 641 describes various offenses including embezzlement, larceny, conversion, sales, conveyance or disposition of property, and reception, concealment or retention of embezzled property.

Because the briefs referred to theft of government property and the information alleged sale of government property, the court during oral argument queried counsel regarding the crime charged. Both counsel agreed this was a sale of property case.

The government argued that the complete and adequate definition of "knowingly and wilfully" satisfied the deletion above referred to. This court is bound by the rule laid down in Findley v. United States, 362 F.2d 921, 922 (10th Cir. 1966). In its opinion the court answered a similar government contention, saying: "We do not agree with the government's position."

This court prescribed as an element to be charged in the instructions "that the defendant knew that the property involved belonged to, and was stolen from, the government." Findley, supra, at 922, 923. The record discloses that the latter element was deleted from the instruction tendered. Although permissible inferences can be drawn from the evidence to sustain the sufficiency of the evidence, it has been the holding of this court that "the failure to instruct as to the necessary elements of the offense charged af-

fects the substantial rights of the accused * * *." *Supra* at 922.

We therefore reverse the conviction and remand for a new trial and this disposition makes it unnecessary to consider Baltrunas' third issue.

Reversed and remanded.