**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Roy Milton BIRMINGHAM, Defendant-Appellant.**

**No. 71–1030.**

United States Court of Appeals, Tenth Circuit.

Sept. 2, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

Robert J. Kapelke, Denver, Colo., for defendant-appellant.

Hubert Bryant and Ben F. Baker, Asst. U. S. Attys., Tulsa, Okl. (Nathan G. Graham, U. S. Atty., on the brief), for plaintiff-appellee.

Before PHILLIPS, BREITENSTEIN and HILL, United States Circuit Judges.

HILL, Circuit Judge.

Birmingham appeals his conviction alleging certain instructions given the jury by the trial court constitute reversible error. He further contends the instructions constitute "plain error" under F.R.Crim.P. Rule 52(b), thereby requiring this court's review without his having preserved the question for appeal by objection to the trial court.

Appellant was convicted by a jury of violation of 21 U.S.C. § 174 alleging the sale of a quantity of narcotic drugs knowing it to have been imported and brought into the United States contrary to law. He was sentenced to ten years' imprisonment, the sentence to run concurrently with a ten-year sentence imposed after his guilty plea to a charge of conspiracy to import and dispense narcotic drugs. That conspiracy conviction is currently before this court in a separate appeal.

The conviction here was based solely on the strength of the prosecution's evidence, the appellant having neither taken the stand nor offered any evidence or witnesses in his own defense. That evidence consisted in large part of the testimony of a co-defendant, Robert Lee Alexander, who had previously plead guilty but had not been sentenced. His testimony was that the heroin he had given two Bureau of Narcotics agents had been purchased by him from Birmingham. Three narcotics agents and an Oklahoma Bureau of Investigation chemist also testified on behalf of the government. The charge of sale of narcotics, however, was supported solely by the testimony of Alexander, a self-confessed drug addict. After his testimony, the indictment against Alexander was dismissed at the government's request.

In the course of this appeal, appellant has raised eight points which he contends would require reversal of his con-

viction. We find it necessary to deal with only four points, that is, those pertaining to the jury instructions either given or not given at the trial.

The first instruction of which appellant complains was, "Unless and until outweighed by evidence to the contrary the law presumes that a witness speaks the truth. * * *" To our knowledge, the effect of an instruction on the presumptive truth of a witness' testimony has not been dealt with previously by this court. Our review of this instruction will first be contingent upon whether this instruction constitutes "plain error" under F.R.Crim.P. Rule 52(b), which would require this court's review absent an objection to the instruction at the trial court.[1] The question of plain error of this type instruction has been decided negatively by the Seventh[2] and Ninth Circuits.[3]

This court has recently dealt with the question of plain error in the review process in United States v. Williams, 445 F.2d 421 (10th Cir. 1971). Judge Pickett there stated for the court that "In determining whether the 'clear error' rule should be invoked, the entire record should be considered." (Citations omitted). In citing Wright, Federal Practice and Procedure, we further held that "[p]erhaps the single most significant factor in weighing whether an error was harmful is the strength of the case against the defendant." (Citations omitted). Upon consideration of the entire record, it becomes obvious the prosecution's case rests to a great extent on Alexander's testimony, an admittedly weak link in the chain of conviction in view of his prior admission of guilt and his testimony that he expected some leniency for his testimony. On these facts, we believe the criterion for plain error established in United States v. Williams, supra, has been met, thereby requiring this court's review under F.R. Crim.P. Rule 52(b).[4]

Because this question is one of first impression before this court, it has necessitated our review of decisions of other Circuits. United States v. Griffin, 382 F.2d 823 (6th Cir. 1967) seems most closely in point factually. The conviction there was based in large part on the testimony of an informer-addict. There was no defense presented, and apparently no objection to the instruction on presumed truthfulness of witnesses. The court there "emphatically [rejected] the notion that there is a legal presumption that every witness speaks the truth * * *." United States v. Griffin, supra at 827. The presumption of credibility was dealt with in United States v. Meisch, 370 F.2d 768 (3rd Cir. 1966). That court stated at page 773–774 that:

It is perhaps safe to say that the vast majority of witnesses speak the truth and that jurors are aware of this. But we have not found an authoritative case * * * casting that tendency of human nature into a legal presumption in a criminal case tried to a jury. * * * [T]his rule conflicts with the presumption of innocence of a defendant.

In addition to derogating the accused's constitutional protection of presumed innocence, we find other patent errors inherent in the instruction. Firstly, there is an invasion of the basic truth-finding function of the jury.[5] Secondly, the instruction shifts the government's burden of proving guilt beyond a reasonable doubt away from the prosecution upon its presentation of

---

1. United States v. Fairchild, 435 F.2d 972 (10th Cir. 1970).

2. United States v. Roviaro, 379 F.2d 911, 915 (7th Cir. 1967).

3. Smith v. United States, 390 F.2d 401, 404 (9th Cir. 1968).

4. *Accord* United States v. Evans, 398 F.2d 159, 160 (3rd Cir. 1968); McMillen v. United States, 386 F.2d 29, 36 (1st Cir. 1967), cert. denied 390 U.S. 1031, 88 S. Ct. 1424, 20 L.Ed.2d 288.

5. "It is immaterial that the government's evidence * * * was uncontradicted. The acceptance of such evidence and the credibility of witnesses is for the jury * * *." United States v. Manuszak, 234 F.2d 421, 424 (3rd Cir. 1956).

even the slightest incriminating evidence.[6]

The instruction on presumed credibility of witnesses had the effect of a denial of Birmingham's presumed innocence, thus preventing a fair and impartial trial by jury. His conviction must be reversed.

■ The second instruction of which Birmingham complains is the instruction for violation of the Federal Food, Drug and Cosmetic Act. Birmingham was indicted under the Narcotic Drugs Import and Export Act. The offense stated there is the *knowing* unlawful *importation* of narcotic drugs or the trafficking in (including sale) of any narcotic drug *knowing* it to have been unlawfully *imported.*[7]

One of the court's instructions was directed toward the unlawful *interstate commerce* of drugs.[8] The court also instructed that the defendant's *knowledge* as to whether or not it was shipped in interstate commerce was immaterial, and that the unlawful interstate shipment requirement was satisfied upon a jury finding no source of the drug within the State of Oklahoma.

The instruction had the effect of treating "interstate commerce" as synonymous with "importation" Additionally, the instruction directly contradicts the "knowledge" element of 21 U.S.C. § 174 by stating that the defendant's knowledge was immaterial. In construing this section, we have held the knowledge of illegal importation to be an essential element of the offense.[9]

Trial counsel failed to object to this instruction. However, in light of our

discussion of the plain error rule previously, it is clear that this erroneous misstatement of "the necessary elements of the offense charged affects the substantial rights of an accused * * *."[10] Findley v. United States, 362 F.2d 921, 922 (10th Cir. 1966). In addition to misstating the elements of the offense of which Birmingham was charged, the instruction would so confuse a jury as to prevent a knowledgeable consideration of the charges against the defendant.

In view of the undoubted retrial of this case, we feel two additional points raised by the appellant should be considered to insure the propriety of his retrial. These two points concern the trial court's failure to give two instructions which we feel should be given in a case of this type.

■ We have previously dealt with the knowledge of unlawful importation element which is requisite to conviction under this statute. The government bears the burden of proving Birmingham's knowledge of unlawful importation. It is clear that possession alone is not conclusive proof of defendant's knowledge of its illegal importation.[11] Possession merely gives rise to a presumption in the prosecution's favor "which permits a jury to infer from a defendant's unexplained possession of a narcotic that the narcotic had been unlawfully imported, and that the defendant knew it * * *." United States v. Peeples, 377 F.2d 205, 209 (2d Cir. 1967).

■ As possession creates only a presumption which may be rebutted, the jury should be carefully instructed as to the consideration it should give this evi-

---

6. "The charge seems to place a burden on the defense to prove beyond a reasonable doubt that the Government's witnesses are guilty of perjury." United States v. Persico, 349 F.2d 6, 11 (2d Cir. 1965).

7. 21 U.S.C. § 174 (Narcotic Drugs Import and Export Act.)

8. 21 U.S.C. § 331 (Federal Food, Drug and Cosmetic Act.)

9. United States v. Butler, 446 F.2d 975 (10th Cir. 1971); Mason v. United States, 383 F.2d 107 (10th Cir. 1967), cert. denied 400 U.S. 993, 91 S.Ct. 462, 27 L.Ed.2d 441.

10. *See also* United States v. Baltrunas, 416 F.2d 401 (10th Cir. 1969).

11. Griego v. United States, 298 F.2d 845, 848 (10th Cir. 1962).

dence. The jury may, based on the proof of defendant's possession of narcotics, infer a knowledge of their illegal importation. The jury is permitted, but is not required, to draw an inference based on its finding beyond a reasonable doubt that the accused had possession of the heroin, unless explained to its satisfaction by the evidence in the case, and find the heroin to have been imported into the United States contrary to law, and to further infer that the accused had knowledge of such illegal importation.[12]

■ Additionally, we have previously commented on the testimony of the co-defendant, Robert Lee Alexander, characterizing it as weak. Appellant urges and we agree that Alexander's testimony should have afforded a cautionary instruction. An accomplice is capable of being a competent and truthful witness,[13] and a conviction may be based on the uncorroborated testimony of an accomplice if believed by a jury.[14] The rule is established in this Circuit, however, that the court must instruct the jury that testimony of accomplices must be carefully scrutinized, weighed with great care, and received with caution.[15]

Appellant also argues the delay of approximately 17 months between the time of the alleged offense and the time he was indicted was an unconscionable delay constituting a denial of his due process right to speedy trial. The issue of delay was first raised in appellant's supplemental brief. This matter should properly be raised before the trial court at or prior to another trial. We therefore decline consideration of this matter in this appeal.

We reverse and remand for retrial consistent with this decision.

---

12. *See* 2 Devitt & Blackmar, Fed.Jury Instr.2d Ed. § 44.08.

13. Butler v. United States, 408 F.2d 1103 (10th Cir. 1969).

14. Johns v. United States, 227 F.2d 374 (10th Cir. 1955).

15. Butler v. United States, *supra*; Johns v. United States, *supra*.