## State of Vermont v. Rick Fayen

[418 A.2d 866]

No. 59-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed August 5, 1980

*Michael J. Sheehan,* Windsor County State's Attorney, White River Junction, for Plaintiff.

*Rick Fayen, pro se,* Taftsville, Defendant.

**Per Curiam.** This case involving a traffic citation for making a U-turn on the interstate highway in the Town of Hartford, on January 5, 1978, is here on defendant's second appeal. It is uncontroverted that he made the U-turn in question, and he pleaded guilty to the offense. It is also uncontroverted that he made the U-turn to check out vehicle tire marks leading from the highway on the other side to see if there had been an accident and whether he could render assistance.

No legal basis for appeal existed in the first case, but impressed by the circumstances, although compelled to affirm, we remanded for further consideration of those circumstances as a motion to review sentence under 13 V.S.A. § 7042. *State* v. *Fayen,* 136 Vt. 639, 396 A.2d 504 (1978) (mem.). Review was had, and relief denied.

■ Without doubt, defendant is guilty of the offense charged, in the technical sense. And sentencing, within the statutory limitations, is the function of the trial judge, with which we cannot interfere in the absence of legal impropriety. See *State* v. *Arbeitman,* 131 Vt. 596, 313 A.2d 17 (1973). The "humanitarian concerns" which defendant urges upon us cannot be the basis for our decision. Unlike a trial court, we cannot take these concerns into account. We must, without more, affirm.

■ But we cannot, in conscience, do so without a final effort to bring about substantial justice. It is apparent to us, as it was when we made our previous entry, that such an end has not been here served. Initial lack of discretion by the officer who issued the citation, and subsequent refusal to exercise either prosecutorial or judicial discretion, have thwarted the ends for which our system of justice was created. The Parable of the Good Samaritan evidently falls upon deaf ears in Windsor County, along with the intimations of our previous entry.

We are, therefore, utilizing the only recourse left open to us. We have requested that the Governor review the circumstances here presented, and are recommending the defendant's full pardon for the offense in question. Pending action upon our request, we will stay our mandate.

*Judgment affirmed. To be certified to the trial court only upon further entry order.*