### State of Vermont v. John W. Cyr

[449 A.2d 926]

No. 121-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed June 10, 1982

*William S. Bos,* Windsor County Deputy State's Attorney, White River Junction, for Plaintiff-Appellee.

*Christopher Dye,* Bradford, for Defendant-Appellant.

**Billings, J.** Defendant-appellant was charged with unlawful trespass, 13 V.S.A. § 3705(a)(1), two counts of simple assault, 13 V.S.A. § 1023(a)(1), and disorderly conduct, 13 V.S.A. § 1026(1). All the charges derived from an incident at a hotel in White River Junction, Vermont, on January 1, 1981. As a result of a plea agreement, V.R.Cr.P. 11, the defendant entered pleas of nolo contendere to each simple assault count, and the State dismissed the other charges. After entering a judgment of guilty the court ordered a presentence investigation. The presentence report included information that the defendant earlier in the evening on the day of the incident caused disturbances at other public restaurants in the area for which he was never charged. Subsequently defendant was sentenced on each count to a concurrent sentence of not less than 32 days nor more than 1 year in the custody of the commissioner of corrections, 30 days of which was to be served on weekends. Defendant filed post-conviction motions as follows: (1) a motion to set aside the judgments of conviction and withdraw pleas, V.R.Cr.P. 32(d), and (2) a motion for reduction of sentence, 13 V.S.A. § 7042, and to modify the record. The trial court denied both motions and defendant appeals.

As to the first motion, V.R.Cr.P. 32(d) provides that to correct manifest injustice a trial court may set aside a judgment of conviction and allow a defendant to withdraw his plea. Defendant, relying on *State* v. *Williams*, 137 Vt. 360, 364, 406 A.2d 375, 377 (1979), *cert. denied*, 444 U.S. 1048 (1980), claims that the inclusion in his presentence report of assertions of other criminal activities for which he was never charged, tried, or convicted is a manifest injustice and requires the judgment be set aside and the pleas withdrawn. We disagree.

█ In *Williams* we prohibited the use by the trial judge in his sentencing decision of mere assertions of criminal activities appearing in a presentence investigation report. *Id.* at 364, 406 A.2d at 377. But, the invocation of *Williams* as a ground for setting aside a judgment and the withdrawal of a plea under V.R.Cr.P. 32(d) is completely inapposite. The proper remedy in cases where material such as that censured in *Williams* has been improperly used in the sentencing decision is to remand for resentencing before a different judge. *Id.* at 365, 406 A.2d at 377. Therefore, as the defendant offered no other ground in support of his V.R.Cr.P. 32(d) motion, the trial court was correct in denying it.

█ Our holding in *Williams* would have been more appropriately asserted under the defendant's motion for reduction of sentence pursuant to 13 V.S.A. § 7042. Had he asserted it, however, he would still have not prevailed. The record discloses that there was no error in the sentencing procedure as the prohibited assertions of criminal activity were not considered by the trial court in determining the sentence. At the time the sentence was delivered, the trial judge stated that "the punishment I'm ordering here is . . . for the punishment you inflicted on these other individuals and that's the basis for the jail sentence." In addition, although the defendant had the report available before sentencing, he did not at any time, in spite of numerous references to the presentence report during argument, ever raise any objection to the alleged objectionable information, nor did either the State or defendant mention the criminal activity at the hearing. The defendant has failed to show any prejudice or impropriety in the sentencing procedure.

358

Defendant also claims that although the trial court has wide discretion in imposing sentence, it abused its discretion in not considering and taking judicial notice of the disposition of a companion case and an unrelated case wherein the sentences imposed were less than what the defendant received. In sentencing we defer to the lower court and will not review sentences within the statutory limits absent exceptional circumstances. *State* v. *Moquin,* 138 Vt. 160, 162, 411 A.2d 1355, 1357 (1980) ; *State* v. *Fayen,* 138 Vt. 545, 546, 418 A.2d 866, 867 (1980). No exceptional circumstances have been demonstrated here. Sentences are imposed with regard to the situation and nature of the offender as well as according to the crime charged. *State* v. *Cabrera,* 127 Vt. 193, 196, 243 A.2d 784, 787, *cert. denied,* 393 U.S. 968 (1968). The presentence report aids in this evaluation and was properly used by the trial judge in his sentencing decision. *Id.; State* v. *Williams, supra.* On the record before us the exclusion and failure to take judicial notice of the two additional cases was neither prejudicial nor an abuse of discretion on the part of the trial court.

*Affirmed.*