THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DEBORAH PEACOCK, Defendant-Appellant.

Second District   No. 81—538

Opinion filed October 5, 1982.

G. Joseph Weller and Joel Teibloom, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel D. Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Deborah Peacock appeals from a judgment revoking her probation and sentencing her to imprisonment for two years. She contends principally that the preparation of the presentence report by the same probation officer who initiated the revocation proceedings and who testified at the revocation hearing denied her the right to an impartial sentencing determination. Additionally she claims that the trial judge erred in not articulating the reasons for the sentence (Ill. Rev. Stat. 1979, ch. 38, par. 1005—4—1(c)), thereby denying her the right to be sentenced solely on the statutory factors.

The defendant was convicted of forgery on January 19, 1977, and sentenced to five years' probation. Probation was conditioned on defendant's compliance with any medical program or psychological counseling set up by the probation office of Winnebago County, and abstinence from the use of drugs without medical authorization. The probation office directed defendant to attend drug and alcohol counseling at least twice per month and to submit to urinalysis twice per week at Keyway Drug Treatment Center to detect drug use. The defendant failed to attend drug treatment as scheduled and left urine specimens on an irregular basis. On several occasions, Keyway reported "dirty urines," indicating that defendant had used drugs. Defendant told probation officers that she had used heroin and cocaine. Defendant was also advised to attend an alcohol education series, but failed to do so.

On October 23, 1980, the State petitioned for revocation of defendant's probation for failure to adhere to her medical and psychological program. The trial court found a violation of probation and set the case for sentencing.

Pursuant to the court's order, the probation department submitted a presentence investigation report to the court. The report was prepared by defendant's probation officer who had testified against the defendant at the probation revocation hearing. On the basis of the presentence report and defendant's testimony in mitigation, the court sentenced the defendant to two years' imprisonment.

I

One of the factors of the court's inquiry into sentencing is the written presentence report, which the court must consider before sentencing a defendant for a felony. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—3—1; *People v. Youngbey* (1980), 82 Ill. 2d 556, 561.) The court, however, must exercise care to insure the accuracy of the information

considered and to shield itself from the potentially prejudicial effect of improper materials. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 498.) If the defendant has been prejudiced by the procedure adopted or the material considered by a court in its sentencing inquiry, the sentence will be vacated. *People v. Crews* (1967), 38 Ill. 2d 331, 337-38.

We conclude that defendant has not been denied an impartial determination of her sentence.

Defendant's prior record consisting mainly of traffic offenses was reported; the original forgery was described. It was noted that defendant had earned a GED diploma and that while on probation she had enrolled in and completed a practical nursing course and had passed the State Board examination. The report affirmatively characterized her pursuit of her nursing license as a "sincere effort." Defendant's physical and mental history was described in detail. It was noted that prior to being placed on probation in January of 1977 she had voluntarily entered an alcoholic treatment program at the H. Douglas Singer Zone Center and was cooperative. The report was critical, however, of the fact that she was instructed by Singer on her discharge to obtain follow-up counseling at a mental health center and at the Northern Illinois Council on Alcoholism and Drug Abuse, and did not attend the mental health center program and did not follow through with various drug and alcohol treatment plans. In September 1978, after defendant's probation officer observed needle marks on her arms, she agreed to go to the Keyway Drug Treatment Center twice per week. However, she failed to do so. Keyway dropped defendant from its program for noncooperation in January of 1979. In September 1980, defendant admitted to probation officers that she had resumed heroin use as of May 1980 due to the influence of her associates. She agreed to a formalized treatment plan which required that she abstain from illegal drugs, reduce liquor consumption, report to her probation officer every three weeks, attend Keyway counseling twice per month and leave urine specimens at Keyway twice per week, showing that no specimens indicate drug use.

The report further noted that between October 1980 and February 1981, Keyway reported that defendant's specimens contained traces of various drugs, notably cocaine; that Keyway recommended residential treatment as defendant did not acknowledge her drug problem; that in February 1981, Keyway threatened to drop defendant for noncooperation unless she improved her participation within 30 days; and when she failed she was terminated from the Keyway program. She also failed to attend weekly group sessions at Narcotics Anonymous as directed by the probation officer, did not keep her ap-

pointments at the counsel on alcoholism and failed to participate in an alcohol education series after being instructed to attend. Her absenteeism, falsification of applications and poor job performance in connection with her employment during the probation period were also noted. Many of the items in the report were corroborated.

Defendant's counsel objected to the report on the ground that certain unfavorable items were contained and other favorable items omitted. The trial judge permitted counsel to supply any further information and to challenge any of the items contained in the report, and defendant's testimony and proffered documents were admitted. From our review of the record of the sentencing hearing and the reading of the presentence report, moreover, we do not discern a particular bias against the defendant.

■ Further, we reject the contention that a probation officer, here a deputy under the head probation officer's supervision, who initiates the revocation proceeding and who testifies as to her experience with the defendant at the revocation hearing is thereby disqualified from preparing the presentence report. The officer was in the best position to assess the potential of the defendant and many of the facts contained in the report were in the officer's personal knowledge. The defendant's right to impartiality was adequately protected by the full opportunity given to challenge the factual basis.

■ We further reject the view that the trial judge was unduly influenced by the report, concluding from the whole record that he was extremely careful to hear the defendant's explanations.

*People v. Pifer* (1979), 80 Ill. App. 3d 24, 26-27, cited by the defendant, does not suggest a contrary view. In *Pifer*, the trial judge, who was instrumental in initiating a petition to revoke probation was held disqualified to then preside at the hearing on the revocation when defendant moved for a substitution of judges. The rule that each defendant is entitled to an impartial hearing is not negated by a report of a probation officer which is not binding upon the judge and which is allowed to be tested and reviewed in a fair hearing conducted by the ultimate factfinder.

## II

■ Defendant also contends that the trial judge prejudicially erred in not articulating his reasons for the sentence imposed. It is true that the court is to specify on the record the reasons for its sentencing determination, including the particular evidence, information, and factors in aggravation and mitigation that it relied upon in reaching its decision. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—4—1(c).) From

our review of the record we find that the judge substantially complied with that requirement. The judge considered defendant's serious problem with substance abuse, was specially concerned with the problem relative to defendant's occupation as a practical nurse, and noted past unsuccessful attempts at counseling and alcoholic treatment, as well as defendant's failure to maintain employment or successfully complete probation. "The requirement that the trial judge set forth his reasons in the record for the particular sentence imposed does not obligate the judge to recite, and assign a value to, each fact presented in evidence at the sentencing hearing." (*People v. Meeks* (1980), 81 Ill. 2d 524, 534.) The record is sufficient to enable us to review the question of whether the trial judge exercised his discretion pursuant to the statutory criteria. We so find and also conclude that there was no abuse of discretion. In fact, although defendant alleges that her sentence is excessive, she has not claimed that it would have been different had the court stated further reasons for its determination. Thus, she has failed to show prejudice due to any failure to specify the reasons for sentencing. *People v. Brown* (1980), 89 Ill. App. 3d 852, 860.

The sentence imposed is for the minimum statutory term and is not excessive in view of defendant's past failure on probation and lack of recognition of her need for treatment.

Defendant has also alleged that the trial judge did not allow her an opportunity to make a statement in her own behalf. The defendant is to be allowed to make a statement at the sentencing hearing. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—4—1.) The court here gave defendant such an opportunity, however, and defendant did not suggest a disposition. The court refused only to allow a spectator to speak. We find no error.

The judgment entered by the circuit court of Winnebago County is therefore affirmed.

Affirmed.

UNVERZAGT and VAN DEUSEN, JJ., concur.