UNITED STATES of America, Appellee,

v.

Alfonso VARNER, Appellant.

No. 83–5303.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 5, 1984.

Decided Nov. 23, 1984.

John F. Hardaway, Federal Public Defender, Columbia, S.C., for appellant.

John M. Barton, Asst. U.S. Atty., Columbia, S.C. (Henry Dargan McMaster, U.S. Atty., Columbia, S.C., on brief), for appellee.

Before MURNAGHAN and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

Alfonzo Varner appeals from his conviction for robbery and assault with intent to rape and do bodily harm while employed on United States property in violation of 18 U.S.C. §§ 2111, 113(a), and 113(c), on the ground that the instruction to the jury that witnesses are presumed to tell the truth constitutes reversible error. We vacate the judgment of the district court and remand the case for a new trial.

I

In July 1983, Varner and Rebecca Hayes, both members of the South Carolina National Guard, attended a two week training session at Fort Jackson, South Carolina, along with several hundred other guardsmen. Shortly before midnight on July 24, Ms Hayes was assaulted and robbed while in her barracks by a man carrying a knife. She stated at trial that she was fairly certain but not positive that Varner was her assailant.

A second government witness testified that he heard a woman scream, saw a man running from the direction of the women's barracks, and chased him until he climbed a fence. He identified the man as Varner. Other eyewitnesses, both inside and outside the barracks, testified that they had seen a man who was being chased run from the direction of the barracks and climb over a fence, but the testimony was conflicting as to whether the man was wearing a shirt. Some of the witnesses identified Varner as the man who was being chased. A knife that was found outside the women's barracks the next day was identified as belonging to Varner.

Varner took the stand in his own defense and testified that he had been standing near the women's barracks when he heard a woman scream. He panicked, ran, and was chased until he went into his own barracks. He also testified that he had lent his knife to someone else that evening, and he admitted that he had lied when he told the arresting officers that he had sent the knife home. He did not put on any other evidence.

The court's instructions to the jury included the charge that "each witness was placed under oath, and is presumed to speak the truth." The court went on to enumerate the factors that could outweigh that presumption, including a witness's "intelligence, his motive, his state of mind, his demeanor and manner while on the witness stand, ... [and] his relation to either side of the case ...." The court concluded that portion of the charge by instructing the jury that "if you find the presumption of truthfulness to be outweighed as to any witness you will give the testimony of that witness such credibility, if any, as you think it deserves." Varner's attorney objected to the charge.

The court also instructed the jury that testimony of eyewitnesses must be scrutinized carefully to determine the accuracy of their identifications, that the defendant was presumed to be innocent, and that the government had the burden of proving guilt beyond a reasonable doubt.

The court did not expressly tell the jury that the defendant, too, was presumed to speak the truth. It instructed the jury that when a defendant testifies, "he becomes as any other witness" and that the jury should "determine the defendant's believability as you would any other witness." If the court had said nothing more about the defendant's credibility, the jury could believe that the presumption of truthfulness applied evenhandedly to prosecution witnesses and the defendant. But unfortunately, the court's complete instruction for judging the defendant's testimony negated the concept of impartial application of the presumption. The court charged the jury that it must determine the defendant's "credibility and give his testimony such credence

and belief as you may think it deserves."[1] This is similar to the criteria that the judge instructed should be applied to any other witness if the jury found the presumption of truthfulness to be outweighed as to that witness. Thus, the jury could believe that the defendant did not have the benefit of the presumption accorded all other witnesses.

This court has held that the instruction that a witness is presumed or assumed to tell the truth is improper. "The jurors are the sole judges of the credibility of the witnesses and the weight to be given their testimony. This important function should not be encumbered by an assumption that witnesses speak the truth." *United States v. Safley*, 408 F.2d 603, 605 (4th Cir.1969). Similarly, the courts in every circuit, with two exceptions, have disapproved the instruction.[2]

■ In *Safley*, we held that while the instruction was improper, there had been no objection at trial, and in light of the totality of the instructions given, the impermissible charge did not constitute plain error. 408 F.2d at 605–06. In the case before us, however, timely objection was made, and we hold that the charge was erroneous.

■ We also conclude that the instruction was not harmless. The outcome of the case turned largely on whether the jury believed eyewitnesses, whose accounts conflicted in some respects, or the defendant. Although the court properly instructed the jury that in judging the credibility of the eyewitnesses, it must consider the circumstances that might have affected the accuracy of their identification, that instruction was contradicted by the instruction that the jury must presume that each witness speaks the truth unless the presumption is outweighed. Where two instructions are in conflict, and one is an incorrect statement of the law and is clearly prejudicial, the charge constitutes reversible error, since the jury "might have followed the erroneous instruction." *United States v. Walker*, 677 F.2d 1014, 1016–17 n. 3 (4th Cir. 1982).

Furthermore, the impermissible distinction that the district court impliedly drew between the application of the presumption of truthfulness to prosecution witnesses and to the defendant was likely at least to confuse the jury and at most to mislead it. In either event, the error affected the right of the defendant to have his testimony evaluated by an impartial standard. Because there is a substantial likelihood that the error in the instructions was prejudicial, it cannot be disregarded. *See United States v. Gresko*, 632 F.2d 1128, 1135 (4th

---

1. The court gave the following instruction pertaining to the defendant's testimony:

   If a defendant elects to take the witness stand and testify in his own defense, as the defendant has done in this case, then he becomes as any other witness, and you the jury must determine his credibility and give his testimony such credence and belief as you may think it deserves. You should judge and determine the defendant's believability as you would any other witness in this case.

2. *See, e.g., McMillen v. United States*, 386 F.2d 29 (1st Cir.1967); *United States v. Bilotti*, 380 F.2d 649, 654–56 (2d Cir.1967); *United States v. Evans*, 398 F.2d 159, 160–64 (3d Cir.1968); *Knapp v. United States*, 316 F.2d 794 (5th Cir.1963); *United States v. Stroble*, 431 F.2d 1273, 1278 (6th Cir.1970); *United States v. Dichiarinte*, 385 F.2d 333, 339–40 (7th Cir.1967); *United States v. Gray*, 464 F.2d 632, 638–40 (8th Cir.1972); *United States v. Gutierrez-Espinosa*, 516 F.2d 249, 250 (9th Cir.1975); *United States v. Birming-*ham, 447 F.2d 1313, 1315–16 (10th Cir.1971); *Stone v. United States*, 379 F.2d 146, 147 (D.C. Cir.1967); *see also* Devitt & Blackmar *Federal Jury Practice and Instructions*, 519–21 (3d ed. 1977). Although these circuits have expressed disapproval of the instruction, and suggested that it not be given, only a few of the courts have found it to be plain error. The Eleventh and Federal Circuits apparently have not considered the instruction. In a case involving collateral review of a state court conviction, the Supreme Court held that the instruction was not constitutionally defective. *Cupp v. Naughten*, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). As the Court noted, the standard of review was more deferential in that case than it would be if the issue were presented on direct appeal of a federal conviction. Consequently, the question in *Cupp* was not simply whether the instruction was improper but whether it "so infected the entire trial that the resulting conviction violates due process." *Cupp*, 414 U.S. at 147, 94 S.Ct. at 400.

Cir.1980); Federal Rule of Criminal Procedure 52(a).

The judgment of the district court is vacated, and the case is remanded for a new trial.