# State of Vermont v. Robin J. Greenslet

[499 A.2d 789]

No. 84-066

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 30, 1985

*William D. Wright* and *Ralph Sheppard*, Bennington County Deputy State's Attorneys, Bennington, for Plaintiff-Appellee.

*David A. Howard*, Bennington County Public Defender, Bennington, for Defendant-Appellant.

**Peck, J.** This is an appeal by defendant from her conviction for driving while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). The alleged offense occurred in Bennington, Vermont, on September 23, 1983. Trial was by jury; judgment on the verdict of guilty followed, and sentence was imposed. We affirm.

On appeal defendant claims the trial court (1) committed plain error when it instructed the jury concerning the breath test administered by police; and (2) imposed an unlawfully harsh sentence.

On the date of the offense, two officers of the Bennington police department stopped a car driven by defendant after they had observed it travelling in the center of the roadway. When defendant got out of the car the officers detected an odor of alcohol on her breath, and noticed that her speech was slurred and her eyes glassy and bloodshot. According to the testimony of the police at trial, "She yelled and screamed" at them; "She would go into a crying state and then back into a yelling and screaming state. It was kind of an up and down mood change." Further, defendant was unable to execute successfully three roadside dexterity tests attempted at the request of the police.

The officers arrested defendant and transported her to the police station for processing. At the station the police attempted to administer a breath test but encountered difficulty with the testing equipment. There was no evidence admitted or even offered by either the State or the defendant regarding any *result* obtained from the test. Nevertheless, one of the police officers and the defendant both testified *without objection* that a test was given and there was some "problem" with that test. After the evidence was closed, the court instructed the jury regarding the breath test:

> Ladies and gentlemen, there has been some testimony in this case that a breath test was taken by the defendant but that the results were inconclusive or invalid.
>
> You are cautioned that such testimony does nothing for either party in the case. The test simply did not come out, so to speak. You can tell nothing from it either for or against the state or the defendant.

There was no objection to this instruction.

After the verdict and judgment convicting defendant, the court imposed sentence:

> Well, this is a very bland affidavit supporting the Information. The evidence that came out at trial was quite different indicating, in my opinion, substantial evidence of impairment.
>
> We have language really giving the police a bad time, labile changes in attitude, all of which are indicative of some alcohol problems. And I think something more appropriate than a fine is in order here.

> And I am going to sentence you to the custody of the commissioner of corrections for not less than 2 nor more than 4 months, suspend it on probation, except 5 days to serve, starting today.

The maximum penalty at the time of sentencing was a fine of not less than $125.00, nor more than $500.00, or imprisonment for not more than one year, or both. 23 V.S.A. § 1210(a) (1978).

## I.

Defendant's first claim concerns the trial court's instruction regarding the breath test "results." She contends that the court improperly commented on breath test results which were never admitted into evidence. Defendant claims the court in effect "created" evidence and then gave an incorrect comment on the effect of that nonexistent evidence. We disagree. Both sides testified that the test was given and there was some problem with it. The result, if there was one, was not in evidence. The court's instruction was entirely proper in cautioning the jury against giving any significance to the test simply because it was given.

Further, there was no objection to the instruction. Therefore, unless the alleged error is glaring or plain error, we will not consider the claim on appeal. *State* v. *Norton*, 139 Vt. 532, 431 A.2d 1244 (1981). Accordingly, even if the instruction complained of here was error, we hold it was not plain error, and therefore, it is not subject to review.

## II.

Defendant claims the court's sentence must be overturned because of "legal impropriety and exceptional circumstances." Based on the judge's sentencing comments, quoted above, defendant contends she was punished "for giving the police a bad time" and for exercising her right to trial.

> In sentencing we defer to the lower court and will not review sentences within the statutory limits absent exceptional circumstances. . . . Sentences are imposed with regard to the situation and nature of the offender as well as according to the crime charged.

*State* v. *Cyr*, 141 Vt. 355, 358, 449 A.2d 926, 927 (1982). Sentencing is the sole function of the trial judge. *State* v. *Arbeitman*, 131

Vt. 596, 599, 313 A.2d 17, 19 (1973). We cannot interfere in the absence of legal impropriety. *State* v. *Fayen*, 138 Vt. 545, 546, 418 A.2d 866, 867 (1980).

The sentence was well within the limits set by statute. Defendant has failed to carry her burden of showing legal impropriety or any exceptional circumstances justifying a review of the sentence. In fact, the evidence, not only of guilt, but of serious impairment as well, was overwhelming. The second paragraph of the court's statement at sentencing, quoted above, did no more than substantiate its view that the evidence of impairment was strong, as indeed it was. Moreover, defendant has not pointed out anything in the record which compels a finding here that the sentence was imposed as a punishment for her decision to go to trial.

It appears that defendant has filed a motion for reduction or reconsideration of sentence. 13 V.S.A. § 7042(a). Assuming the motion is still pending, it is a matter to be addressed by that court upon our remand. It is not appropriate for determination here.

*Affirmed.*