## State of Vermont v. Ervin E. Snide

[560 A.2d 380]

No. 85-495

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed April 7, 1989

*Dan Davis, Windham County State's Attorney*, Brattleboro, and *Jo-Ann Gross, Law Clerk, Department of State's Attorneys*, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr., Defender General, William A. Nelson, Appellate Defender,* and *Paul R. Clemente (On the Brief)*, Montpelier, for Defendant-Appellant.

**Peck, J.** Defendant, Ervin Snide, appeals from a conviction by jury trial for driving under the influence of intoxicating alcohol, 23 V.S.A. § 1201(a)(2). He claims that the State's obligation to prove guilt beyond a reasonable doubt was not reflected in the jury charge because it included a "presumption of truthfulness" instruction. We affirm.

The instruction that defendant challenges is a charge to the jury regarding resolution of conflicting evidence:

> It is your duty to reconcile conflicting testimonies if you can, upon the legal theory all witnesses are presumed to have testified truthfully. If you cannot so reconcile the testimony then you will have to determine which of the witnesses is entitled to greater credit.

This charge is almost identical to the instruction at issue in *State* v. *Chambers,* 144 Vt. 377, 381-82, 477 A.2d 974, 978 (1984). In that case, as in this one, the issue was not preserved for appeal. *Chambers* held that we must look at the instructions as a whole, and if they appear "balanced and fair," we will not find "glaring error." Glaring error is required for this Court to overrule the decision of the trial court where the issue is not preserved for appeal. *Id.* at 382, 477 A.2d at 978. Upon review of the instructions in their entirety, we find that ample guidance was given to the jury regarding the burden of the State to prove guilt beyond a reasonable doubt and the presumed innocence of the defendant. In addition, the court delivered a charge which referred to the jury's duty to determine both the credibility of the witnesses and the evidentiary weight of the testimony. Juxtaposed with the instruction regarding reconciliation of conflicting testimony, it clarified and limited any presumption of the truth the jury might infer. See *Cupp* v. *Naughten,* 414 U.S. 141, 147 (1973) (test is not whether the "ailing instruction" was cured, but whether it "infected the entire trial").

Defendant argues that to require the jury to presume that the State's witness, the police officer who issued the citation to the defendant, is a truth-teller is to shift the burden of proof to the defendant. In *Chambers* the judge asked the jury to presume, if it could, that the State's witnesses, including an accomplice who had been granted immunity, were truthful. The defendant called no witnesses and, therefore, was convicted on the basis of the uncontroverted testimony. Defendant raised the same issue: the instruction shifted the burden to defendant to prove his innocence, We held that "if there was error it was not glaring, that overall the charge was fair, and that the defendant was not prejudiced . . . ." *Chambers*, 144 Vt. at 382, 477 A.2d at 978.

In the present case, testimony was offered by the defendant. That testimony, which refuted statements of the State's witness, yielded a more balanced trial than occurred in *Chambers*. Moreover, our review of the jury charge shows repeated instructions describing the State's burden of proof and the presumption of innocence. Despite the instruction at issue, defendant's right to be presumed innocent until proven guilty beyond a reasonable doubt is reflected in the charge as a whole.

We are not, however, unmindful of the legitimacy of defendant's complaint. Instructions to presume that witnesses are truthtellers pass dangerously close to unconstitutional shifts in the State's burden of proof and the presumption of innocence, and threaten to diminish the jury's role as the arbiter of credibility. Time and again courts have scrutinized just such an instruction and found it wanting. See *Cupp* v. *Naughten,* 414 U.S. at 147 (refers to "ailing instruction," though not ground for reversal); *United States* v. *Varner,* 748 F.2d 925, 925 (4th Cir. 1984) (presumption of truth instruction encumbered function of jury; held reversible error): *United States* v. *Birmingham,* 447 F.2d 1313, 1315 (10th Cir. 1971) (presumption of truth instruction held plain error). Here, the circumstances are somewhat different from those in the federal cases because the purpose of the instruction was to guide the jury in resolution of directly conflicting evidence, and was not given as a general means of assessing witness credibility. We recognize that

> instructions bearing on . . . the weight to be accorded different types of testimony and other familiar subjects of jury instructions, are in one way or another designed to get the

jury off dead center and to give it some guidance by which to evaluate the frequently confusing and conflicting testimony which it has heard.

*Cupp* v. *Naughten,* 414 U.S. at 148-49. Nonetheless, we do not endorse the instruction. In *Chambers* our holding was framed so as to acknowledge that, in fact, the instruction may have been error, but was not glaring error. *Chambers,* 144 Vt. at 382, 477 A.2d at 978. "Presumption of truth" language erodes due process protections to barely more than a delicate balance of better and worse jury instructions. Accordingly, such instructions should be avoided.

*Affirmed.*