*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-199

MARCH TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windham Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Edwin Herbert Martin | } | DOCKET NO. 1279-10-09 Wmcr |

Trial Judge: David T. Suntag

In the above-entitled cause, the Clerk will enter:

Defendant pled guilty to driving under the influence, third or subsequent offense, with a habitual offender enhancement. The trial court sentenced him to a minimum sentence of five years and a maximum of life. Defendant appeals the sentence, arguing that the court abused its discretion because he will be unable to receive substance abuse or other programming during the incarcerative portion of his sentence. We affirm.

Defendant was charged with DUI, third or subsequent offense, in October 2009. Defendant had eight prior convictions for DUI, six of which were felony convictions. Defendant committed his ninth DUI—the charge giving rise to the sentence defendant now appeals—while on furlough for other offenses, including prior DUI convictions. Including his prior DUI convictions, defendant had eleven prior felony convictions and twenty-two prior misdemeanor convictions. Pursuant to a plea agreement, which the trial court accepted, defendant pled guilty to DUI, third offense or subsequent, with a habitual offender sentence. As part of the agreement, the State was capped at requesting a sentence of ten years to life.

At the sentencing hearing, the State asked the court to impose a sentence of ten years to life, arguing that such a long minimum term was necessary to protect public safety. Defense counsel argued in favor of a sentence of two to fifteen years, and emphasized that defendant was suffering from advanced lung cancer.

The court determined that a sentence of five years to life was appropriate. The court observed that it had never seen another defendant who had more DUI convictions than this particular defendant. While it recognized that alcoholism was a disease, the court noted that defendant repeatedly failed to avoid situations in which his judgment would be compromised and he would drive drunk. Over the course of defendant's thirty year criminal record, the court explained, the Department of Corrections had provided defendant with every conceivable program available. He had participated in furlough programs, where he was placed in a support community or sober home, and at least three intensive substance abuse (ISAP) programs. Defendant had also participated in a substance abuse program while incarcerated, and he had

received community-based treatment as well. In the end, none of these programs stopped defendant from repeatedly driving while intoxicated.

The court indicated that its primary concern was to protect the public and prevent defendant from killing someone while driving drunk. Defendant had shown that he was incapable of controlling his own behavior, and the court found incarceration necessary. In reaching its decision, the court recognized that the Department of Corrections would not likely be able to provide defendant substance abuse treatment during his incarceration. Nonetheless, the court found that its obligation to protect the public was paramount, and, given defendant's track record, lifetime supervision was warranted. As to the minimum sentence, the court reasoned that it did not want the minimum to be too short because it feared that defendant would get out, drink and drive again, and hurt somebody. The court ultimately imposed a five year minimum sentence in this case, noting that the minimum represented a step up from defendant's prior DUI sentences. Defendant appealed from this decision.

On appeal, defendant argues that the court abused its discretion by sentencing him to a five year minimum. Even with credit for time served and the possibility of furlough, the sentence guaranteed some years of incarceration during which time defendant would not be able to go through substance abuse counseling. We review a trial court's sentencing decision with considerable deference to the trial court's substantial discretion in this realm. See e.g., State v. Corliss, 168 Vt. 333, 341 (1998) ("Trial courts have wide discretion in imposing penalties, and we will not reverse unless the court strays from statutory limits or abuses its discretion."); see also State v. Cyr, 141 Vt. 355, 358 (1982) ("In sentencing we defer to the lower court and will not review sentences within the statutory limits absent exceptional circumstances.").

As reflected above, the trial court was aware of the fact that defendant would not have access to substance abuse treatment while incarcerated; the court determined that the protection of the public overrode that concern and that, given defendant's record, incarceration was necessary to protect the public. The trial court carefully considered the evidence before it and properly exercised its discretion. We find no abuse of discretion.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

2