Phillip Stover STONE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20354.

United States Court of Appeals District of Columbia Circuit.

Argued March 3, 1967.

Decided May 16, 1967.

Mr. John T. Tansey, Washington, D. C. (appointed by this court), for appellant.

Mr. Robert S. Brady, Atty., Dept. of Justice with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Allan M. Palmer, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY,* BURGER and TAMM, Circuit Judges.

BURGER, Circuit Judge:

This is an appeal from a conviction on a twelve count indictment charging Appellant with narcotics violations on four separate occasions. On appeal, Appellant raises for the first time several issues which were not claimed or raised in the District Court. Our examination of the record satisfies us that there is no basis for disturbing the judgment.

* Circuit Judge Fahy became Senior Circuit Judge on April 13, 1967.

One of the issues raised here calls for some comment. In his charge the trial judge instructed the jury that

> a witness who takes the stand is presumed to speak the truth. This presumption, however, may be overcome by contradictory evidence, by the manner in which the witness testified or by the character of the testimony.[1]

As pointed out recently by Judge Ganey in United States v. Meisch,[2] such a charge has a tendency to impinge on the presumption of innocence. Lurking in such an instruction is the risk that the jury might conclude that they were required to accept the testimony of the prosecution's witnesses at face value, particularly when it is not contradicted by other witnesses.

■ However, here no objection was made to the instruction, and, in addition, the trial judge supplemented the challenged paragraph with further instructions for the jury's use in measuring the credibility of witnesses. Taking the instructions on the whole, we find no error.

■ In our view the form of instruction used here should be discontinued in the future. An instruction on credibility, the study of which might be helpful, can be found in the recently revised jury instructions published for use in this jurisdiction. JUNIOR BAR SECTION OF D. C. BAR ASSOCIATION, CRIMINAL JURY INSTRUCTIONS, § 11 (1966).

Affirmed.

FAHY, Senior Circuit Judge, (concurring):

While I do not think there was reversible error in this case in the use of the instruction we disapprove, I reserve my position as to the possible effect of such an instruction in other cases which have been tried prior to our decision of today.

---

1. The instruction is taken from section 3.01 of Mathes, *Jury Instructions and Forms for Federal Criminal Cases*, 27 F.R.D. 39, 67 (1960). This instruction has been modified in a later work. *See* MATHES & DEVITT, FEDERAL JURY PRACTICE AND INSTRUCTIONS § 72.01 (1965). For a discussion of cases in which the instruction has been upheld *see* United States v. Meisch, 370 F.2d 768, 773–774 nn. 3 & 4 (3rd Cir. 1966).

2. 370 F.2d 768, 773–774 (3rd Cir. 1966).