**Walter Mack GALAUSKA, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 2027.**

Supreme Court of Alaska.

March 14, 1975.

Stephen C. Cowper, Cowper & Madson, Fairbanks, for appellant.

Norman C. Gorsuch, Atty. Gen., Daniel W. Hickey, Dist. Atty., Juneau, Robert B. Downes, Asst. Dist. Atty., Fairbanks, for appellee.

Before RABINOWITZ, C. J., ERWIN, BOOCHEVER, and FITZGERALD, JJ., and MOODY, Judge.

FITZGERALD, Justice.

Walter Mack Galauska has petitioned for rehearing of this court's affirmance of his conviction for manslaughter.[1] Galauska v. State, 527 P.2d 459 (Alaska 1974). He now claims that the court misapplied the law on accomplices and failed to deal with the issue raised in his brief concerning the jury instruction that witnesses are presumed to speak the truth. Finding no misapplication of the law, the petition is denied as to the accomplice issue. We grant a rehearing on the witness instruction and modify our opinion.

Petitioner argues that the trial court committed prejudicial error when he instructed the jury that "a witness is presumed to speak the truth." He urges this court to adopt the position of Justice Brennan dissenting in Cupp v. Naughten, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973), and hold that the instruction raises the possibility of conviction on a standard less than that of a reasonable doubt and thereby violates the due process clause of Article I, Section 7 of the Alaska constitution.[2]

We do not believe that any harms arising from the contested jury instruction are of a constitutional dimension. In this regard we are in agreement with the majority in *Cupp.*

We do, however, condemn the use of a jury instruction which states that witnesses are presumed to speak the truth. Such an instruction is subject to numerous infirmities. It interferes with the province of the jury to determine credibility of witnesses.[3] It seems to conflict with the presumption of innocence.[4] The instruction serves to raise doubt in the juror's mind as to his role and adds a confusing factor to jury deliberations.[5]

Use of the condemned jury instruction was, however, harmless error in the circumstances of Galauska's trial. Our review of the trial record leads us to conclude that the jury fairly assessed the facts and decided issues of credibility. The improper instruction was, moreover, accompanied by correct and appropriate instructions on burdens of proof and credibility which properly defined the jury's role. We are able to say with fair assurance that the judgment was not substantially swayed by the error.[6]

CONNOR, J., not participating.

BOOCHEVER, Justice (dissenting).

In Cupp v. Naughten,[1] the majority of the United States Supreme Court refused to reverse an Oregon state court conviction despite an instruction given to the jury that "a witness is presumed to speak the truth." The majority in *Cupp* based its decision on a distinction between the role of the federal appellate courts in supervising the federal trial courts and in overruling a state court:

Thus even substantial unanimity among federal courts of appeals that the in-

1. The facts of the crime are set out in detail in the original opinion and will not be repeated here.

2. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) the Supreme Court held that the due process clause of the XIV amendment protects an accused against conviction except on proof beyond a reasonable doubt.

3. *See, e. g.*, United States v. Stroble, 431 F.2d 1273, 1278 (6th Cir. 1970).

4. *See, e. g.*, United States v. Johnson, 371 F.2d 800, 804 (3d Cir. 1967).

5. *See, e. g.*, Stone v. United States, 126 U.S. App.D.C. 369, 379 F.2d 146, 147 (1967).

6. Love v. State, 457 P.2d 622, 631 (Alaska 1969), *quoting* Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946).

1. 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

struction in question ought not to be given in United States district courts within their respective jurisdictions is not, without more, authority for declaring that the giving of the instruction makes a resulting conviction invalid under the Fourteenth Amendment. Before a federal court may overturn a conviction resulting from a state trial in which this instruction was used, it must be established not merely that the instruction is undesirable, erroneous, or even "universally condemned," but that it violated some right which was guaranteed to the defendant by the Fourteenth Amendment.[2]

Thus, the United States Supreme Court implied that if it were exercising the same supervisory power which, as a state supreme court we are required to exercise over a trial court, it might have held the jury instruction to be reversible error.

The majority opinion on rehearing in Galauska's case condemns the questioned instruction, stating:

Such an instruction is subject to numerous infirmities. It interferes with the province of the jury to determine credibility of witnesses. It seems to conflict with the presumption of innocence. The instruction serves to raise doubt in the juror's mind as to his role and adds a confusing factor to jury deliberations. (footnotes omitted)

Despite these shortcomings, the majority holds the instruction to be harmless error under the circumstances of Galauska's trial. In Anthony v. State,[3] we reiterated the test for harmless error as previously enunciated in Love v. State[4] stating:

Only if we can fairly say that the error "did not appreciably affect the jury's verdict" can we conclude that infringement of the right to the instruction was harmless.

Galauska's conviction depended on whether or not the jury believed Roger Peter's version of the incident. As I have indicated in my dissent to the original opinion in this case, I believe that Peter was an accomplice and that Galauska was entitled to his requested instruction that "the testimony of an accomplice ought to be viewed with distrust".[5] In the absence of giving that instruction, I fail to see how it can be said to be harmless error to instruct the jury over defendant's objection that Peter was presumed to speak the truth. Moreover, if we deem the instruction to be erroneous as indicated by the majority, there is no prohibition to its continued use when it is held to be harmless error in a case such as this, for it is hard to envision circumstances where the instruction would be more damaging. I accordingly would hold that the giving of the instruction under the circumstances here involved constituted reversible error.

---

2. 414 U.S. at 146, 94 S.Ct. at 400, 38 L.Ed.2d at 373.

3. 521 P.2d 486, 491 (Alaska 1974).

4. 457 P.2d 622, 632 (Alaska 1967).

5. The instruction is required by Alaska R. Crim.P. 30(b)(2).