**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Arturo GUTIERREZ–ESPINOSA,**
**Defendant-Appellant.**

No. 74–3323.

United States Court of Appeals,
Ninth Circuit.

May 6, 1975.

As Modified on Denial of Rehearing
June 4, 1975.

**250**

Jo Ann Diamos, Asst. Federal Defender, Tucson, Ariz., for defendant-appellant.

James Mueller, Asst. U. S. Atty., for plaintiff-appellee.

## OPINION

Before BROWNING and WALLACE, Circuit Judges, and ENRIGHT,* District Judge.

PER CURIAM:

Arturo Gutierrez-Espinosa was convicted of unlawfully importing 75 pounds of marihuana in violation of 21 U.S.C. §§ 952(a) and 960(a)(1) and of possessing such marihuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1). With one exception, appellant's specifications of error are insubstantial.

■ The facts observed by the customs agent (the new paint job on appellant's car, the strong odor of room deodorizer, the trembling of appellant's hands) were relevant circumstantial evidence of appellant's knowledge of the presence of the marihuana in the vehicle. Even though the agent's state of mind was not itself relevant, his testimony that he referred appellant for secondary inspection was admissible and his statement that he took this action because of the facts observed was self-evident and surely harmless.

■ Evidence as to the value of the contraband was relevant to appellant's intent to distribute. United States v. Ramirez-Valdez, 468 F.2d 235 (9th Cir.

1972); United States v. McCarthy, 430 F.2d 1289 (9th Cir. 1970).

■ We see nothing objectionable in the court's instruction to the jurors to use common sense in their deliberations. It does not convey to us an innuendo adverse to appellant, as appellant's counsel suggests.

■ The trial court told the jury that "witnesses are presumed to speak the truth." The trial court rejected defense counsel's objection. The language objected to has been disapproved by every court of appeals and, so far as we know, by every commentator who has addressed the subject. It is universally regarded as confusing and useless at best. To employ it in the face of an express objection is to invite reversal. *See generally* Cupp v. Naughten, 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973); Stone v. United States, 126 U.S.App.D.C. 369, 379 F.2d 146 (1967); 1 Devitt & Blackmar, Federal Jury Practice and Instructions § 12.01 at 252 (1970).

In the peculiar circumstances of this case, however, the error was harmless. The only issue was whether appellant knew of the presence of the marihuana. All of the government's evidence was circumstantial. None of its witnesses could testify directly to appellant's knowledge. Appellant had neither confessed nor made any admissions. The only direct evidence of his knowledge was his own testimony denying it. The instruction that witnesses were presumed to speak truthfully worked entirely to appellant's advantage. It fortified his own testimony of lack of knowledge. On the other hand, it had no substantial impact on the testimony of government witnesses since that testimony related to objective circumstances not really in dispute.

Affirmed.

---

* Honorable William B. Enright, United States District Judge, Southern District of California, sitting by designation.