26 F.3d 134
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rosa Elia RAMIREZ-GARCIA, Defendant-Appellant.
 No. 93-50310.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.*
Decided May 25, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Rosa Elia Ramirez-Garcia appeals her jury conviction for possession of heroin with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and importation of heroin in violation of 21 U.S.C. Sec. 952(a). Ramirez-Garcia contended that the district court erred in admitting testimony regarding profiles of drug couriers and in admitting testimony regarding the street value of the narcotics. We affirm.
 
 I.
 
 4
 On November 30, 1992 Ramirez-Garcia purchased with cash a round trip ticket on AeroMexico from Los Angeles to Zihuatenejo, Mexico via Mexico City. Ramirez-Garcia departed Los Angeles on December 2, 1992 and stayed in Zihuatenejo for about one day, before returning to Los Angeles International Airport ("LAX") on December 4, 1992.
 
 
 5
 Upon her return to LAX, Ramirez-Garcia was observed by customs inspector Mary Grover to be "very scared [and] nervous," and "in a hurry to exit." R.T. 2/9/93: 31. Inspector Grover also noted that Ramirez-Garcia failed to make eye contact and that she just arrived from Mexico. At trial, Grover testified that her training included "passenger profiling" and that "if a person displays certain behavior characteristics such as nervousness or shaking ... they could be smuggling narcotics into the country." Inspector Grover referred Garcia to a secondary inspection.
 
 
 6
 Donald Robert Kusser Jr. conducted the secondary inspection. He noted Ramirez-Garcia's nervousness, testifying that she "was overly friendly, almost ... too friendly ... in a nervous sort of way." R.T. 2/9/93: 68. In addition, inspector Kusser found that Ramirez-Garcia avoided eye contact and that she looked off to one side when asked a question. Inside her single piece of luggage Kusser noticed that she had one change of clothes and two MUM brand deodorant sticks. Thinking that this was unusual, he examined the deodorant sticks more closely. Inspector Kusser found them to be unusually heavy and that they would not expose more deodorant when he turned the adjuster knob. Kusser testified to the jury that as he examined the deodorant Ramirez-Garcia began to shake violently and that she had to steady herself by holding onto the examination table.
 
 
 7
 Inside her purse Kusser found two more deodorant sticks. Kusser took all four deodorant sticks to a back room where he cut them open. Inside three of the sticks he discovered heroin totalling 111.4 grams. Kusser also found two rotting oranges, a bag of potpourri, and a wheel of cheese among her possessions. Ramirez-Garcia was then arrested.
 
 II.
 
 8
 We review for plain error the admission of drug courier profile testimony when the defendant did not make a specific objection at trial. United States v. Gomez-Norena, 908 F.2d 497, 500 (9th Cir.), cert. denied, 498 U.S. 947 (1990).
 
 
 9
 Admitting drug courier profiled testimony for the limited purpose of providing the jury with background material of how the arrest occurred does not amount to plain error. Id. at 501. Drug courier profile testimony is not admissible, however, as substantive evidence of guilt. United States v. Lui, 941 F.2d 884, 847 (9th Cir.1991).
 
 A.
 
 10
 Ramirez-Garcia argues that the district court allowed testimony regarding the drug courier profile as substantive evidence of the Appellant's guilt. As this testimony was not opposed by the defense with a specific objection, we review for plain error. Gomez-Norena, 908 F.2d at 500.
 
 
 11
 Inspector Grover's testimony essentially provided background material; it was an explanation of her training and her reasons for stopping Ramirez-Garcia. This does not amount to plain error. Id. at 501.
 
 
 12
 Inspector Kusser's testimony is more problematic because he described the profile, then identified those characteristics that suggested Ramirez-Garcia fit the profile. By comparing Ramirez-Garcia's characteristics to the profile, Kusser's testimony amounted to substantive evidence of guilt. See Lui, 941 F.2d at 847 (testimony tying defendant's actions to several characteristics of the drug courier profile constituted impermissible proof of guilt).
 
 
 13
 Nevertheless, the admission of the profile evidence without objection did not constitute plain error given the following circumstantial evidence of Ramirez-Garcia's intent to conceal drugs: (1) the presence of rotting oranges, potpourri, and cheese in her bags, see United States v. Gutierrez-Espinosa, 516 F.2d 249, 250 (9th Cir.1975) (strong odor of room deodorizer relevant circumstantial evidence of the presence of marijuana in the car); (2) her nervous demeanor before and during the search, see Lui, 941 F.2d at 848 (defendant's suspicious actions before and after agent discovered drugs supported a finding of guilt); United States v. Walitwarangkul, 808 F.2d 1352, 1354 (9th Cir.) (defendant's nervousness while being questioned by customs agents supported finding of knowing possession of heroin), cert. denied, 481 U.S. 1023 (1987); and (3) the 111.4 grams of heroin was 74% pure, could be cut into 10,991 dosages, and had an estimated street value of $219,829.00, see, United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.) (price, quantity, and quality of narcotics is relevant to defendant's intent to distribute), cert. denied, 488 U.S. 943 (1988); United States v. Kearney, 560 F.2d 1358, 1369 (9th Cir.) (street value of narcotics relevant to defendant's knowledge of the presence of the drugs), cert. denied, 434 U.S. 971 (1977). Additionally, the jury was entitled to disbelieve Ramirez-Garcia's explanation that she brought the deodorants to Los Angeles at the request of a stranger, whose brother would drive from Washington State to pick up three MUM deodorant sticks widely available in American stores. See United States v. Miguel, 952 F.2d 285, 288 (9th Cir.1991) (per curiam) (jury entitled to disbelieve defendant's self-serving testimony that he did not know about drug operation).
 
 
 14
 In United States v. Ogbuehi, 18 F.3d 807 (9th Cir.1994), we found that even when testimony violates the rule that drug courier profile testimony may not be used as substantive evidence of guilt, there is no plain error when the error does not affect the defendant's substantial rights so as to " 'seriously affect[ ] the fairness, integrity, or public reputation of judicial proceedings.' " Id. at 812 (quoting United States v. Olano, 113 S.Ct. 1770, 1779 (1993)). Accordingly, there is no plain error.
 
 B.
 
 15
 Ramirez-Garcia argues that the district court committed plain error by admitting the government's expert's testimony regarding the street value of the heroin found in her luggage. As noted above, the street value of narcotics is relevant to the defendant's intent to distribute, Savinovich, 845 F.2d at 838, and knowledge of the presence of drugs, Kearney, 560 F.2d at 1369. The district court did not err by admitting this evidence.
 
 
 16
 For these reasons, any error made by the district court in admitting testimony regarding drug courier profile testimony was harmless. The district court did not err in admitting evidence of the concealed heroin's street value.
 
 
 17
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3