

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50078 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-01004-WQH-1 |
| v. | |
| FRANCISCO BEAS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted September 3, 2015**
Pasadena, California

Before: O'SCANNLAIN, FISHER and BYBEE, Circuit Judges.

Francisco Beas appeals his conviction for importing methamphetamine in

violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The district court did not abuse its discretion in admitting portions of Officer Banks' testimony over Beas' objections. Banks' impression that Beas was nervous and posed a potential safety risk was permissible lay opinion under Federal Rule of Evidence 701 and tended to prove an essential element of the offense: that Beas knew he was importing a controlled substance. Any prejudice caused by the testimony was outweighed by its relevance. *See* Fed. R . Evid. 403. Furthermore, Banks' testimony explaining why he referred Beas to the secondary inspection area was relevant as circumstantial evidence of Beas' state of mind and to provide context for the jury. *See United States v. Munoz*, 412 F.3d 1043, 1050 (9th Cir. 2005); *United States v. Gutierrez-Espinosa*, 516 F.2d 249, 250 (9th Cir. 1975).

The remaining statements to which Beas objects constituted permissible opinion testimony. Banks' observation that Beas appeared to be looking for exits was premised on Banks' own observations and perceptions and, as discussed above, was relevant and not unduly prejudicial in suggesting Beas knew he was carrying contraband. Banks' interpretation of Beas' statement he was going to San Diego to "help" his grandmother was permissible, as "help" is subject to many meanings. Even if Beas' statement was clear, however, Banks' understanding was incidental to the issue at hand and its admission is therefore harmless when viewed

in the context of his other testimony and the evidence in the record. *See United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007).

2. As Beas concedes in his supplemental briefing, his argument that the government was required to prove he knew the type of drug he was transporting is foreclosed by *United States v. Jefferson*, 791 F.3d 1013 (9th Cir. 2015). "[O]nly . . . the essential elements of [a] crime must be demonstrated at trial," and any language in a charging document that goes beyond those elements "is mere surplusage that need not be proved" unless omitting it prejudices the defendant. *United States v. Jenkins*, 785 F.2d 1387, 1392 (9th Cir. 1986); *see also United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004) (applying *Jenkins* to surplusage in an information). Here, Beas' argument that the language in the superseding information deprived him of due process fails because he has not shown prejudice.

Even assuming Beas was operating under the mistaken belief 21 U.S.C. § 960 required the government to prove knowledge of drug type, Beas' entire defense responded to what the essential element of the charge actually was: whether Beas knew he was transporting any controlled substance, methamphetamine or otherwise. At trial, Beas consistently argued he was unaware the truck he was driving contained any controlled substance whatsoever. Rather

3

than being "ambushed or misled in any way by the extraneous language in the information," *see Pang*, 362 F.3d at 1194, Beas put on a well-supported defense that held the government to the burden of proving the essential elements of a charge under § 960. He has not shown he was prejudiced by the surplus language in the information.

**AFFIRMED.**