

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50488 |
| Plaintiff - Appellee, | D.C. No. 3:16-cr-01150-JM-1 |
| v. | |
| ARMANDO MONTIEL PALOMO, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Submitted March 8, 2018**
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and ZOUHARY,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Armando Montiel Palomo appeals his conviction for importing methamphetamine in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court did not abuse its discretion in allowing Officer Fosdick to explain why his attention was drawn to Palomo at the border crossing. *See United States v. Gilley*, 836 F.2d 1206, 1213 (9th Cir. 1988). Fosdick's impression that Palomo was nervous was relevant circumstantial evidence of an essential element of the offense: whether Palomo knew he was importing a controlled substance. This Court has repeatedly upheld the admissibility of such testimony in drug importation cases. *See United States v. Munoz*, 412 F.3d 1043, 1050 (9th Cir. 2005); *United States v. Gutierrez-Espinosa*, 516 F.2d 249, 250 (9th Cir. 1975).

2.      Nor did the district court abuse its discretion in overruling Palomo's claims of prosecutorial misconduct. *See United States v. Tucker*, 641 F.3d 1110, 1120 (9th Cir. 2011). First, the Government did not misstate the evidence during closing argument. One of the trial prosecutors characterized Palomo's statement during a June 2016 jailhouse phone call—"I got caught"—as an admission of guilt. Palomo contends this misled the jury into believing he never protested his innocence after his arrest. But the prosecutor clearly limited her comments to that single recorded phone call and did not purport to describe Palomo's conduct during any other conversations.

2

Further, though Palomo took the stand, he did not seek to introduce evidence of the other calls. *See* Fed. R. Evid. 801(d)(1)(B)(ii). The district court did not err in overruling Palomo's objection and declining to issue a curative instruction.

Second, the Government did not commit misconduct during rebuttal closing argument by describing a defense tactic as a "shell game." Another trial prosecutor criticized Palomo's choice of character witnesses—one had last seen Palomo a month before his arrest, and the other had not socialized with him for several years. The prosecutor implied the defense was attempting to hide the truth by calling witnesses who did not know Palomo very well. But criticizing defense tactics is fair game during closing, and this type of argument is generally considered "well 'within normal bounds of advocacy.'" *United States v. Tomsha-Miguel*, 766 F.3d 1041, 1047 (9th Cir. 2014) (quoting *United States v. Del Toro-Barboza*, 673 F.3d 1136, 1152 (9th Cir. 2012)); *see also United States v. Ruiz*, 710 F.3d 1077, 1086 (9th Cir. 2013) ("[T]he prosecutor's characterization of the defense's case as 'smoke and mirrors' was not misconduct."). The district court did not err in overruling Palomo's objection.

3. Because Palomo fails to identify an individual error by the trial court, his argument for reversal based on the cumulative error doctrine also fails. *See United States v. Gutierrez*, 995 F.2d 169, 173 (9th Cir. 1993).

**AFFIRMED.**

3