**UNITED STATES of America, Appellee,**

v.

**William Norman BURTON, Jr., Appellant.**

**No. 79–5350.**

United States Court of Appeals, Fourth Circuit.

Argued June 6, 1980.

Decided Sept. 17, 1980.

E. Thomas Rilee, III, Charlottesville, Va., for appellant.

Patricia A. Kerwin, Richmond, Va., Asst. U. S. Atty. (Justin W. Williams, U. S. Atty., Alexandria, Va., D. Raine Lee, Student Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, RUSSELL, Circuit Judge, and WILLIAM M. KIDD, United States District Judge for the Southern District of West Virginia, sitting by designation.

DONALD RUSSELL, Circuit Judge:

The defendant appeals from the judgment of the district court, resulting from his plea of guilty to a one count information charging him with receiving stolen government property of a value in excess of $100, in violation of 18 U.S.C. § 641. He was sentenced for a period of three years and a fine of $1,000. He contends on appeal that it was improper for the district court, in determining the appropriate sentence, to consider the presentence report which contained references to alleged privileged marital communications, showing, among other things, that the defendant admitted that he had participated in the actual theft of government property, and that he had never been tried or convicted for that offense. We find defendant's contentions without merit and affirm the conviction.

■ No marital privilege "prevents the government from enlisting one spouse to give information concerning the other or to aid in the other's apprehension. It is only the spouse's testimony in the courtroom that is prohibited." *Trammel v. United States*, (1980) 445 U.S. 40, 52, 100 S.Ct. 906, 913 n.12, 63 L.Ed.2d 186.[1]

---

1. *Trammel* concludes by holding, as to the spouse's testimony in the courtroom,

"that the existing rule should be modified so that the witness spouse alone has a privilege to refuse to testify adversely; the witness may be neither compelled to testify nor fore-closed from testifying." *Id.* 445 U.S. p. 53, 100 S.Ct. p. 914.

In this case the spouse voluntarily furnished the information to the government agents and, of course, did not testify in the courtroom since the case was disposed of on a plea of guilty.

The purpose of a probation report, which is not made available to the court until after conviction, is to give to the sentencing judge the fullest possible information concerning the defendant's life and characteristics so that he may be able to impose an appropriate sentence. *See Williams v. New York* (1949), 337 U.S. 241, 250, 69 S.Ct. 1079, 1084, 93 L.Ed. 1337; 18 U.S.C. § 3577. There was nothing unusual or improper in the probation officer interviewing defendant's wife, and in obtaining from her pertinent information concerning the defendant's background, character, and conduct, and in including in the probation report the information supplied by defendant's wife to the government agents. In so doing there was no violation of any privileged marital communication. The court was clearly entitled to consider the presentence report, including such information, in its determination of an appropriate sentence.[2] Moreover, the sentence imposed does not support defendant's argument that because of this information "his sentence . . . [was] improperly inflated" since he received less than one-third the maximum he could have received with his single conviction under 18 U.S.C. § 641.

The judgment of conviction is accordingly

*AFFIRMED.*

---

**2.** *See United States v. Morgan* (9th Cir. 1979), 595 F.2d 1134, 1136–37; *Smith v. United States* (10th Cir.), 551 F.2d 1193, 1196, *cert. denied* 434 U.S. 830, 98 S.Ct. 113, 54 L.Ed.2d 90 (1977); *see also United States v. Lee,* (4th Cir.) 540 F.2d 1205, 1210–11, *cert. denied,* 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976).