**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 95-5218

CARL HEADLEY CHAMBERS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
James H. Michael, Jr., Senior District Judge.
(CR-93-29-C-H)

Submitted: December 14, 1995

Decided: January 5, 1996

Before ERVIN, Chief Judge, and WIDENER and WILKINS,
Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Steven M. Askin, Robert C. Stone, Jr., ASKIN & ASSOCIATES,
Martinsburg, West Virginia, for Appellant. Robert P. Crouch, Jr.,
United States Attorney, Donald R. Wolthuis, Assistant United States
Attorney, Eric Chaffin, Third Year Law Student, Roanoke, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carl Headley Chambers entered a guilty plea to one count of possessing or aiding and abetting the possession of crack cocaine with intent to distribute, 21 U.S.C.A. § 841 (West 1981 & Supp. 1995), 18 U.S.C. § 2 (1988). He appeals his sentence, contending that the district court erred in refusing him an adjustment for acceptance of responsibility, USSG § 3E1.1,* in determining his criminal history score, USSG § 4B1.1, and in refusing to depart on the ground of his health and family ties, USSG §§ 5H1.4, p.s., 5H1.6, p.s. We affirm in part and dismiss in part.

In August 1993, reports received by the regional drug task force that Chambers was involved in cocaine trafficking in Winchester, Virginia, prompted a search of his house. The officers found a locked metal toolbox in a bedroom. Chambers first said he did not have a key to the toolbox. When he realized that the officers intended to break into the toolbox, Chambers said he had the key in his van. The officers permitted Chambers to look for the key in the van, but he did not find it. At this point, Chambers grabbed the box and ran from the house. He was captured quickly and the box was forced open. Inside were 59.02 grams of crack, $3800 in cash, Chambers' passport, gold jewelry, and other items. The key to the toolbox was found eventually in the bushes outside Chambers' house where one of the back-up officers saw him throw something during the search.

After his arrest, Chambers stated that the crack had been left with him by a Jamaican male for whom he occasionally held crack for periods of time, but about whom he knew nothing. He acknowledged that he was sometimes paid $100 for holding crack. Chambers ini-

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

tially sought to suppress the evidence recovered during the search. However, on the morning scheduled for the suppression hearing and trial, Chambers entered a guilty plea. He continued to maintain that he did not know the identity of the owner of the crack and that he was not involved in selling crack.

At the sentencing hearing, Chambers argued for an acceptance of responsibility reduction based on his admission of his criminal conduct and his guilty plea. He also alleged that the search of his house was improper and that the evidence seized during the search should not be considered in sentencing him. Finally, he argued that the use of financial records provided by his wife violated the marital privilege. The district court found that a reduction for acceptance of responsibility was not appropriate because, even assuming the truth of Chambers' story, he had refused to identify the owner of the crack. A related factor was Chambers' failure to account for expenditures of $33,000 during 1993, a year when his reported earnings were about $8200.

We find that the district court's determination was not clearly erroneous. A defendant need only admit the conduct comprising the count of conviction but may not falsely deny relevant conduct. USSG § 3E1.1, comment. (n.1(a)). The court did not credit Chambers' assertion that he did not know the identity of the person for whom he regularly held crack. Further, the district court was entitled to consider all reliable information available without regard to its admissibility at trial. See United States v. Lee, 540 F.2d 1205, 1210-11 (4th Cir.) (illegally seized but reliable information), cert. denied, 429 U.S. 894 (1976); United States v. Burton, 631 F.2d 280, 282 (4th Cir. 1980) (marital privilege no bar to consideration of financial records).

Chambers was properly awarded one criminal history point for his 1985 fine for driving under the influence; he had waived counsel. See Nichols v. United States, ___ U.S. #6D6D 6D#, 62 U.S.L.W. 4421 (U.S. June 6, 1994) (No. 92-8556); United States v. Falesbork, 5 F.3d 715, 718-19 (4th Cir. 1993). The district court's decision not to depart under USSG § 4A1.3 is not reviewable. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). Similarly, the court's refusal to depart because of Chambers' health problems, family ties, or the likelihood of his deportation is not reviewable. Id.

3

We therefore affirm the sentence imposed by the district court. We dismiss the appeal to the extent Chambers seeks review of the district court's refusal to depart. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, DISMISSED IN PART

4