# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1587

_____

United States of America,           *
                                         *

           Appellee,           *
                                         *   Appeal from the United States

v.                            *   District Court for the
                                         *   Western District of Arkansas.

Juan Polanco,               *       [UNPUBLISHED]
                                         *

           Appellant.         *

_____

Submitted:   December 6, 1999

Filed:   December 13, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and BEAM, Circuit
      Judges.

_____

PER CURIAM.

      Juan Polanco appeals the 135-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846. We affirm.

_____

      [1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Polanco's activities were discovered after federal agents seized approximately twelve pounds of a substance containing methamphetamine from two women at an Oklahoma airport. After the women's two contacts were also arrested and agreed to cooperate, agents arranged a controlled delivery and equipped one contact, Lucio Martinez, with a body wire. Martinez drove to a gas station in Springdale, Arkansas, where he met Polanco and a co-defendant, who were overheard criticizing the quality of a prior shipment of methamphetamine and expressing concern that Martinez may have been followed. At his change-of-plea hearing, Polanco admitted that he expected to be paid to transport the twelve pounds of methamphetamine to Missouri.

According to Polanco's presentence report (PSR), he consented on the day of his arrest to a search of his Rogers, Arkansas residence, where officers arrested his wife after locating two additional pounds of a substance containing methamphetamine. During an interview with officers, Polanco's wife stated that Polanco had been dealing pound quantities of methamphetamine in the area for two to three years; that he had two sources and usually received two to three pounds every two to three weeks; and that he had recently sold three pounds of methamphetamine. At sentencing, the government also introduced into evidence the PSR of Polanco's co-defendant, which stated Polanco had previously conducted a "three pound deal" with a third party.

We reject Polanco's argument that the district court clearly erred in holding him accountable for methamphetamine seized from his residence after his arrest. We conclude that the unobjected-to factual allegations in Polanco's PSR support the district court's finding that the methamphetamine discovered at Polanco's residence was part of "the same course of conduct or common scheme or plan as the offense of conviction" and thus constituted relevant conduct. See U.S. Sentencing Guidelines Manual § 1B1.3(a)(2) (1998); United States v. Geralds, 158 F.3d 977, 979 (8th Cir. 1998) (concluding defendant's possession of drugs 18 months prior to offense of conviction was part of same course of conduct for drug-quantity calculation where both were distribution-related offenses, and both involved same type and quantity of drug

and same geographical area), <u>cert. denied</u>, 119 S. Ct. 1280 (1999); <u>United States v. Spence</u>, 125 F.3d 1192, 1195 (8th Cir. 1997) (concluding drugs seized at time of defendant's arrest were properly included as same course of conduct as offense of conviction where two incidents occurred within few months and involved distribution quantities of same drug), <u>cert. denied</u>, 118 S. Ct. 1544 (1998).

We also conclude that the district court did not clearly err in finding Polanco was not a minor participant. Polanco does not dispute that he accompanied his co-defendant to the controlled delivery; that he expected to transport the twelve pounds of methamphetamine to Missouri for compensation; that he had previously conducted a transaction involving three pounds of methamphetamine; and that police discovered a large quantity of methamphetamine at his residence shortly after his arrest. <u>See United States v. Chatman</u>, 119 F.3d 1335, 1341 (8th Cir.) (defendant sought role reduction under § 3B1.2 after being convicted for distributing crack cocaine; court rejected mere-courier argument where defendant "played a significant role in carrying out drug transactions"), <u>cert. denied</u>, 118 S. Ct. 434 (1997); <u>United States v. Carrazco</u>, 91 F.3d 65, 67 (8th Cir. 1996) (role reduction would not be warranted even if defendant were just "mule" where defendant was apprehended with substantial amount of drugs).

Finally, we reject Polanco's argument that the district court's consideration at sentencing of inculpatory statements made by Polanco's wife as reported in his PSR violated the marital privilege. <u>See</u> <u>Trammel v. United States</u>, 445 U.S. 40, 53 n.12 (1980) (no privilege "prevents the Government from enlisting one spouse to give information concerning the other or to aid in the other's apprehension. It is only the spouse's testimony in the courtroom that is prohibited."); <u>United States v. Burton</u>, 631 F.2d 280, 281-82 (4th Cir. 1980) (concluding sentencing court did not violate any marital privilege by considering PSR containing allegedly inculpatory statements made by defendant's wife).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.